IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41488
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL JONES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-70-2
--------------------

November 18, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Daniel Jones has appealed the sentence he received upon his guilty plea of assaulting a postal employee with intent to rob her, in violation of 18 U.S.C. § 2114. We AFFIRM.

Jones contends, first, that the district court erred by increasing his offense level pursuant to U.S.S.G. § 2B3.1(b)(3)(B), arguing that the injury inflicted upon the postal employee during the robbery was not serious. There was reliable evidence in the presentence report and the record that the post traumatic stress disorder which the postal employee

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suffered was a serious bodily injury within the meaning of § 2B3.1(b)(3)(B). United States v. Reed, 26 F.3d 523, 530-31 (5th Cir. 1994). Thus, this contention lacks merit.

Jones also contends that the district court reversibly misapplied U.S.S.G. § 2B3.1(b)(7)(D) in finding that the resultant monetary loss exceeded $250,000. This finding was based on a determination that the 600 blank money orders stolen in the robbery were worth $700 each, that being the maximum amount for which they could legally be filled in and cashed. As a result, the court increased Jones's offense level by three levels. We review this factual finding for clear error. See United States v. Wimbish, 980 F.2d 312, 313 (5th Cir. 1992).

Guideline § 2B3.1, comment. (n.3) provides that valuation of loss under that section is determined by reference to the Commentary to § 2B1.1. Note 3 of the latter section states in part that "[t]he court need only make a reasonable estimate of the loss, given the available information."

The presentence report states, without contradiction, that prior to Jones's agreeing to participate in the robbery, he was aware that Knott had stolen blank money orders from other post officers and had cashed them for significant amounts. Knott confessed to having cashed stolen money orders for $900, even though the legal limit is $700. These findings support the district court's calculation of the value of the stolen blank money orders. See United States v. Oates, 122 F.3d 222, 225 (5th Cir. 1997).

AFFIRMED.